## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIVIANE RODRIGUES, Individually and on Behalf of Class Members,<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>WINGS NETWORK; WINGSNETWORK; WINGSNETWORK.COM; WINGSNETWORKGLOBAL.COM; TROPIKGADGET; SUCCESS WEALTH101, INC.; GRUPO INTERNACIONAL; SERGIO TANAKA; VINICUS AGUIAR; THAIS AGUIAR; GEOVANI BENTO; PRISCILA BENTO; CARLOS LUIS DA SILVEIRA BARBOSA; JP MORGAN CHASE BANK, N.A.; WELLS FARGO BANK. N.A.; and JOHN DOES 1-75 Who Acted As Agents For Wings Network,<br><br>        **Defendants.** | Civil Action<br>No.  1:15-cv-10733 |

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby gives notice of the removal of this action from the Superior Court Department of the Trial Court of Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts, Eastern Division. The grounds for removal are as follows:

1.      Plaintiff filed her Summons and Complaint, Jury Claim, and Request for Class Action Certification in Middlesex Superior Court on January 21, 2015. Plaintiff filed her First Amendment to the Complaint, Jury Claim, and Request for Class Action Certification on January 26, 2015.

2.      Plaintiff served the First Amendment to the Complaint, Jury Claim, and Request for Class Action Certification on Wells Fargo by certified mail on or about February 18, 2015. The action is now pending in the Middlesex County, Massachusetts, Superior Court, designated Civil Action No. 15-00195.

3.      The time within which Wells Fargo is required by the laws of Massachusetts to answer or otherwise plead has not yet expired, and removal of this action is timely under 28 U.S.C. § 1446.

4.      This action is a purported class action relating to Wings Network, an alleged pyramid scheme.[1]

5.      This action is removable under the Class Action Fairness Act ("CAFA"), which provides that a "class action," as defined by 28 U.S.C. § 1332(d), may be removed to federal district court under 28 U.S.C. § 1453.

6.      Plaintiff seeks to bring claims on behalf of a putative class of "investors" in Wings Network under Rule 23 of the Massachusetts Rules of Civil Procedure. Complaint ¶ 169. Accordingly, this action is a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B)

---

[1] The Securities and Exchange Commission recently filed a civil action involving Wings Network in this Court, *SEC v. Tropikgadget*, case no. 1:15-cv-10543-IT. Plaintiff Vivian Rodrigues is a defendant in the SEC action, which alleges that Rodrigues and other defendants sold unregistered securities as part of a pyramid scheme. The SEC alleges that Rodrigues accumulated at least $6 million from investors in Wings Network, and that she generated commissions of $434,150 for herself. *See* SEC Complaint ¶ 25.

(defining a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of procedure").

7.    This action satisfies CAFA's jurisdictional requirements of (a) minimal diversity, (b) an amount in controversy exceeding $5 million, and (c) more than 100 class members:

    a.    Plaintiff alleges that multiple defendants are from states other than Massachusetts and foreign states. Complaint ¶¶ 11 (United Arab Emirates, Portugal), 14 (Florida), 18 (Portugal). Accordingly, this is a "class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant … or … any defendant is a foreign state or a citizen or subject of a foreign state" under CAFA. 28 U.S.C. § 1332(d)(2)(A), (C).

    b.    Plaintiff alleges that Wings was an unlawful pyramid scheme that defrauded class members, who paid at least $12,546,226.001 to Wings Network. Complaint ¶¶ 4, 121, *see also id.* ¶ 172 (alleging that class members paid "many millions of dollars" to Wings). Accordingly, this action is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000" under CAFA. 28 U.S.C. § 1332(d)(2).

    c.    Plaintiff alleges that the number of class members is "in the thousands." Complaint ¶ 172; *see also id.* ¶ 121 (alleging that 8,914 Massachusetts residents invested in Wings Network). Accordingly, this action involves more than 100 class members under CAFA. 28 U.S.C. § 1332(d)(5)(B).

8.    Therefore, this class action is removable under 28 U.S.C. § 1453.

9.    In addition to removal under CAFA, this action is also subject to removal under 28 U.S.C. § 1441.

10.     Plaintiff purports to assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., *see* Complaint ¶¶ 219-50 (alleging RICO claim and predicate acts of mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, and transportation and possession of stolen property under 18 U.S.C. §§ 2314-2315).

11.     This Court has original jurisdiction over Plaintiff's RICO claim under 28 U.S.C. § 1331, which provides that the federal district courts "shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States."

12.     Accordingly, Plaintiff's action is also removable under 28 U.S.C. § 1441(c), which permits removal of an action that includes a "claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)."

13.     Defendant Wells Fargo has attached to this Notice as <u>Exhibit A</u> and filed herewith, all process, pleadings and orders served upon them in this action as required by 28 U.S.C. § 1446(a).

14.     Defendant Wells Fargo's counsel will give counsel for Plaintiff written notice of the removal of this action and will file a copy of said notice with the Clerk of the Superior Court of Middlesex County, Massachusetts, as required by 28 U.S.C. § 1446(d).

This 9th day of March, 2015.

**<u>The remainder of this page is intentionally blank</u>.**

4

*/s/ Paul S. Samson*
Paul S. Samson, BBO No. 440160
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108
Telephone: (617) 523-9000
Fax: (617) 880-3456
psamson@riemerlaw.com
abraunstein@riemerlaw.com


Robert W. Fuller
Adam K. Doerr
Robinson Bradshaw & Hinson, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Fax: (704) 378-4000
rfuller@rbh.com
adoerr@rbh.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, and I additionally served the foregoing on the following

counsel via U.S. First Class mail as follows:

> Evan J. Carter, Esq.
> Evan J. Carter, P.C.
> 860 Worcester Road
> P.O. Box 812
> Framingham, MA  01701

This 9th day of March, 2015.

*s/ Paul S. Samson*
Paul S. Samson

1809055.2

6